**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendants
CITY OF BUENA PARK and
ADRIA M. JIMENEZ

*(sidebar)* EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

LIEM NGUYEN, an individual; CASSANDRA ELLIOTT, an individual; BRYAN NGUYEN, an individual; and WILSON NAVARRO, an individual;

       Plaintiffs,

       v.

CITY OF BUENA PARK, a California municipal corporation; ADRIA M. JIMENEZ, an individual, in her official capacity; and DOES 1 through 10, inclusive,

       Defendants.

Case No. 8:20-cv-00348 JLS (ADS)

**DEFENDANTS CITY OF BUENA PARK'S AND ADRIA M. JIMENEZ'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

*[Filed Concurrently with Request for Judicial Notice; Declaration of Christopher D. Lee; and [Proposed] Order]*

Hearing Date:  June 12, 2020
Time:           10:30 a.m.
Courtroom:      10A

## TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on June 12, 2020, at 10:30 a.m. in Courtroom 10A of the above-entitled court, located at Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, or as soon thereafter as the matter may be heard, Defendants City of Buena Park ("the City") and Adria M. Jimenez ("Jimenez") will, and hereby do, move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of the Complaint filed by Plaintiffs Liem Nguyen, Cassandra Elliot, Bryan Nguyen, and Wilson

1    Navarro ("Plaintiffs"), on the grounds that the Complaint fails to state facts

2    sufficient to constitute claims against Defendants upon which relief can be granted.

3         This Motion is made following the conference of counsel pursuant to Central

4    District Local Rule 7-3, which took place on March 10, 2020.  [Declaration of

5    Christopher D. Lee at ¶ 2]  Counsel were unable to resolve the dispute.  [Id.]

6         This Motion is based upon this Notice of Motion, the accompanying

7    Memorandum of Points and Authorities, the Request for Judicial Notice, the

8    Declaration of Christopher D. Lee, the complete court files and records in this action

9    and all matters as may be properly considered by this Court in ruling on this Motion.

10

11   DATED:  March 26, 2020              EVERETT DOREY LLP

12

13

14                                      By: _____

15                                          Seymour B. Everett, III
                                            Samantha E. Dorey
16                                          Christopher D. Lee
                                            Attorneys for Defendants
17                                          CITY OF BUENA PARK and
                                            ADRIA M. JIMENEZ
18

19

20

21

22

23

24

25

26

27

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................. 7

II.     FACTUAL ALLEGATIONS .................................................. 8

III.    PLAINTIFFS' CLAIMS ......................................................... 9

IV.     LEGAL STANDARD .......................................................... 10

V.      PLAINTIFFS' FACIAL CHALLENGE FAILS ........................ 10

VI.     THE EQUAL PROTECTION AND DUE PROCESS CLAIMS FAIL ......... 12

        A.   Rational Basis Review Applies ......................................... 12

        B.   Plaintiffs' Exact Claims Have Been Rejected Even in the Context
             of a Complete Ban on Short-Term Rentals in the Ewing Case ........... 13

             1.   Maintaining Residential Character Is a Legitimate
                  Government Interest Justifying the City's Zoning ................. 14

             2.   The Zoning Is a Constitutional Limit on Rights ................. 16

             3.   Regulation of Short-Term Residential Rentals While
                  Leaving Other Uses Relatively Unregulated Is Reasonable ...... 16

             4.   The Zoning Is Not Unconstitutionally Vague ................... 17

             5.   The Zoning Does Not Violate Substantive Due Process or
                  Equal Protection .................................................... 18

        C.   Plaintiffs' Procedural Due Process Claim, if Any, Fails ............... 19

        D.   Several Other Courts Throughout the Country Have Upheld
             Similar Short-Term Residential Rental Regulations ................... 20

        E.   The Moratorium Is Expressly Allowed By State Law .................. 24

        F.   The City's Pre-Ordinance Zoning Code Did Not Permit Short-
             Term Residential Rentals ............................................... 24

VII.    PLAINTIFFS' CIVIL CODE § 52.1 CLAIM FAILS .................. 26

VIII.   THE IMPAIRMENT OF EXISTING CONTRACTS CLAIM FAILS ......... 28

IX.     PLAINTIFFS' EXCESSIVE FINES CLAIM FAILS ................ 30

X.      CONCLUSION .................................................................. 31

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

4

## <u>FEDERAL CASES</u>

5
<u>Aiuto v. San Francisco's Mayor's Office of Hous.</u>, 2010 U.S. Dist. LEXIS
47228, at *29 (N.D. Cal. 2010) ...................................................................19, 20

6
<u>Anderson v. Provo City Corp.</u>, 108 P.3d 701, 703 (UT. 2005)...........................22, 23

7
<u>Arcadia Development Co. v. City of Morgan Hill</u>, 197 Cal.App.4th 1526,
1534–1535 (2011) ..............................................................................................12

8
<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) .......................................................10

9
<u>Austin B. v. Escondido Union School Dist.</u>, 149 Cal.App.4th 860, 883 (2007).......27

10
<u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007) ......................................10

11
<u>City and County of San Francisco v. Ballard</u>, 136 Cal.App.4th 381, 407-8
(2006) ..................................................................................................................28

12

13
<u>City of Claremont v. Kruse</u>, 177 Cal.App.4th 1153, 1178 (2009) ...........................24

14
<u>City of Eastlake v. Forest City Enterprises, Inc.</u>, 426 U.S. 668, 49 L. Ed. 2d
132, 96 S. Ct. 2358 (1976) .................................................................................19

15
<u>City of Venice v. Gwynn</u>, 76 So.3d 401, 403 (Fla. Dist. Ct. App. 2011) .................21

16
<u>Davidson v. City of Culver City</u>, 2004 U.S. Dist. LEXIS 30574, at *32 (C.D.
Cal. 2004) ...........................................................................................................24

17

18
<u>Disc. Inn, Inc. v. City of Chicago</u>, 72 F.Supp.3d 930, 934-35 (N.D. Ill. 2014)........31

19
<u>Energy Reserves Group v. Kan. Power & Light Co.</u>, 459 U.S. 400, 410, 103
S.Ct. 697, 704, 74 L.Ed.2d 569, 580 (1983) .....................................................29

20
<u>Euclid v. Ambler Co.</u>, 272 U.S. 365, 386 (1926) ...............................................14, 15

21
<u>Ewing v. City of Carmel-By-The-Sea</u>, 234 Cal.App.3d 1579, 1584-85  (1991)passim

22
<u>FCC v. Beach Communications, Inc.</u>, 508 U.S. 307, 313–14 (1993) .......................12

23
<u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1577 n. 14 (11th Cir.
1989)....................................................................................................................13

24

25
<u>Gregory v. Ashcroft</u>, 501 U.S. 452, 471 (1991). ......................................................12

26
<u>Griffith v. City of Santa Cruz</u>, 207 Cal.App.4th 982, 993-94 (2012) ......................12

27
<u>Griffith v. Connecticut</u>, 218 U.S. 563, 571, 31 S.Ct. 132, 134, 54 L.Ed. 1151,
1154 (1910) .........................................................................................................29

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) ..........................19

Harrison v. City of Rancho Mirage, 243 Cal.App.4th 162, 166 (2015)....................21

Home Bldg. & Loan Assn. v. Blaisdell, 290 U.S. 398, 434 (1934) ..........................29

Homeaway, Inc. v. City of Santa Monica, 2018 U.S. Dist. LEXIS 100177, at
      *2 (C.D. Cal. 2018) ..........................................................................................20

Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 969 (9th
      Cir. 2003)....................................................................................................19, 20

Jackson & Co. (USA), Inc. v. Town of Avon, 166 P.3d 297, 298 (Colo. App.
      2007)....................................................................................................................22

Jensen v. County of Sonoma, 2010 U.S. Dist. LEXIS 55112, at *38-39 (N.D.
      Cal. 2010) ............................................................................................................30

Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121-22 (9th Cir.
      2008)..............................................................................................................10, 11

Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998) ................................................27

Kawaoka v. City of Arroyo Grande, 796 F.Supp. 1320, 1325 (C.D. Cal. 1992) 13, 24

Las Lomas Land Co., LLC v. City of Los Angeles, 177 Cal.App.4th 837, 857
      (2009) ..................................................................................................................12

Leon v. Hayward Bldg. Dep't, 2018 U.S. Dist. LEXIS 35718, at *13 (N.D.
      Cal. 2018) ............................................................................................................30

Lockary v. Kayfetz, 917 F.2d 1150 (9th Cir. 1990) .................................................13

Mayfield v. City of Oakland, 2007 U.S. Dist. LEXIS 59947, at *21 (N.D. Cal.
      2007)....................................................................................................................28

Meyers v. City of Fresno, 2011 U.S. Dist. LEXIS 31209, at *16-17 (E.D. Cal.
      2011)..............................................................................................................27, 28

Morrow v. City of San Diego, 2011 U.S. Dist. LEXIS 120419, at *16 (S.D.
      Cal. 2011) ............................................................................................................31

Pimentel v. City of Los Angeles, 2018 U.S. Dist. LEXIS 85054, at *15 (C.D.
      Cal. 2018) ............................................................................................................31

Rosenblatt v. City of Santa Monica, 940 F.3d 439, 442, 444 (9th Cir. 2019) ..........11

San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568
      F.3d 725, 736-37 (9th Cir. 2009) ......................................................................29

Shoyoye v. County of Los Angeles, 203 Cal.App.4th 947, 955-56 (2012) .............27

Sinaloa Lake Owners Assn. v. Simi Valley, 882 F.2d 1398, 1407 (9th Cir.
      1989)....................................................................................................................13

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

Siwinski v. Town of Ogden Dunes, 949 N.E.2d 825, 827 (Ind. 2011) ...............25, 26

Slice of Life, LLC v. Hamilton Twp. Zoning Hearing Bd., 207 A.3d 886,
    888  (Pa. 2019) ...........................................................................24, 25

Smithfield Concerned Citizens v. Town of Smithfield, 907 F.2d 239, 245 (1st
    Cir. 1990) ........................................................................................13

Suter v. City of Lafayette, 57 Cal.App.4th 1109, 1118 (1997) ...............................20

Tolosko-Parker v. County of Sonoma, 2009 U.S. Dist. LEXIS 15598, at *5
    (N.D. Cal. 2009) ..............................................................................27

Towers v. City of Chicago, 173 F.3d 619, 625-26 (7th Cir.) ...............................30

Tri-County Paving, Inc. v. Ashe County, 281 F.3d 430, 436 (4th Cir. 2002)...........19

U.S. Sec. & Exch. Comm'n v. Brookstreet Sec. Corp., 664 F. App'x 654, 656
    (9th Cir. 2016) .................................................................................30

United States v. Bajakajian, 524 U.S. 321, 334, 118 S. Ct. 2028, 141 L. Ed.
    2d 314 (1998) ...................................................................................30

United States v. Salerno, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 107 S. Ct.
    2095 (1987) ......................................................................................11

Vanguard Med. Mgmt. Billing v. Baker, 2018 U.S. Dist. LEXIS 227722, at
    *36 (C.D. Cal. 2018) .........................................................................29

Warden v. State Bar, 21 Cal.4th 628, 645 (1999) .....................................................12

**FEDERAL STATUTES**

42 U.S.C. § 1983 .................................................................................................9, 13

**STATE STATUTES**

Civil Code § 52.1 ...........................................................................9, 26, 27, 28

Government Code § 65582................................................................................26

Government Code § 65850................................................................................20

Government Code § 65858................................................................................24

Government Code § 65901................................................................................20

**OTHER AUTHORITIES**

Cal. Const., art. XI, § 7 ....................................................................................20

Cal. Const., art. I, § 7 .......................................................................................12

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ★FAX 949-377-3110

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

## **I.     INTRODUCTION**

3    The City of Buena Park ("the City") recently passed Ordinance 1675 ("the

4    Ordinance"), which amended the City's zoning code to allow for Short-Term

5    Residential Rentals in the City, subject to certain regulations and permit

6    requirements.  [See the Ordinance attached as Exhibit "A" to the Complaint]  Short-

7    Term Residential Rentals have become popularized, with the rise of internet services

8    like Air BnB, as an alternative to traditional hotels, where residents rent out their

9    residence on a short-term basis (less than a full month).  However, while hotels are

10   regulated and the hotel rooms are often segregated away from residential

11   neighborhoods, the proliferation of Short-Term Residential Rentals interspersed

12   throughout residential communities creates issues and secondary effects that can be

13   detrimental to such neighborhoods, including, but not limited to, overcrowding,

14   traffic and parking congestion, excessive noise, and change to the residential

15   character of such neighborhoods.  Therefore, in order to mitigate such effects, many

16   cities across the nation have enacted zoning regulations or outright bans of Short-

17   Term Residential Rentals.  While many such regulations have been challenged in

18   courts, the vast majority and all of those relevant to this dispute, including outright

19   bans, have passed constitutional muster, as well within the zoning and police powers

20   of cities to protect the public health, safety and welfare of its citizens.

21   The Complaint in this action is a bare-bones and vague constitutional attack

22   on the City's zoning by Plaintiffs, who wish to offer Short-Term Residential Rentals

23   in the City but who never even attempted to apply for a permit under the Ordinance.

24   The City's zoning code is completely reasonable and justified on its face, as a matter

25   of law, as well within the City's zoning and police powers.  Plaintiffs are not a

26   protected class nor is a fundamental right implicated, and thus, their constitutional

27   claims and the City's zoning are subject to the deferential rational basis review.  The

28   case-law is clear that the zoning on its face easily passes such rational basis review

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    and is constitutional.  Plaintiffs' claims all fail as a matter of law and the Complaint

2    should be dismissed with prejudice.

3    **II.     FACTUAL ALLEGATIONS**

4         On May 14, 2019, the City enacted "an emergency ordinance to ban Short-

5    Term Residential Rentals for forty-five days ('Moratorium 1662'), which has been

6    extended until May 14, 2020.  Then, on January 14, 2020, [the City] adopted" the

7    Ordinance.  [Complaint at ¶¶ 1, 13]  Plaintiffs allege that the Ordinance "effectively

8    ban[s] Short-Term Residential Rentals," but this legal conclusion is incorrect on the

9    face of the Ordinance.  [Complaint at ¶ 1; Ordinance (Exhibit "A" to Complaint)]

10        Plaintiffs first complain about the City's pre-Ordinance zoning and conduct.

11   Plaintiffs set forth a legal conclusion that prior to May 15, 2019, the City "had no

12   existing legal authority to enforce its desire to ban" Short-Term Residential Rentals.

13   [Complaint at ¶ 1]  Plaintiffs complain about pre-Ordinance enforcement by the City

14   of its already existing ban on Short-Term Residential Rentals, which allegedly

15   included "at least thirty-five discrete citations totaling more than $21,750 issued

16   against [the Nguyens Plaintiffs] for short-term rentals . . . ."  [See Complaint at ¶ 14]

17   The City's zoning code is a permissive zoning code, meaning that only uses that are

18   expressly permitted are allowed in the City, thus the absence of express permission

19   for Short-Term Residential Rentals meant that they were *de facto* banned.

20   [Complaint at ¶ 23; see Table 19.312.010 Uses Permitted in the Ordinance (Exhibit

21   "A" to the Complaint)]  Plaintiffs set forth a legal conclusion that Short-Term

22   Residential Rentals were or should have been permitted because they "fall[] within

23   the spirit of" "transitional/supportive housing" and "small group care homes," which

24   were permitted.  [Complaint at ¶ 23]  They are not the same, as explained below.

25        Plaintiffs then complain about the Ordinance itself.  Plaintiffs, with no

26   explanation, allege that the Ordinance is "a constitutionally-violative de-facto ban

27   on the vast majority of Short-Term Residential Rentals, including those of

28   Plaintiffs."  [Complaint at ¶ 17]  Plaintiffs vaguely take issue specifically with the

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

-8-                  8:20-cv-00348 JLS (ADS)

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1   requirement that the renter "reside" on the property being offered for rent.

2   [Complaint at ¶ 18]  However, in the Ordinance, the term "Resides" "means legal

3   residence, also referred to as primary residence of a property owner, as reflected in

4   title records, as evidenced by homeowner's exemption, voter registration, vehicle

5   registration, or similar means."  [Ordinance at page 4 (Exhibit "A" to the

6   Complaint)]  It does not mean physically in the property at the time of the rental.

7           Plaintiffs admit that with respect to the Ordinance, the City "has stated [its

8   legitimate governmental interests] are stopping the 'loss of on-street parking supply,

9   increased traffic . . . security problems, increased foot traffic, far more noise than

10  would otherwise exist . . [.] and . . . parties, . . . . . . [*sic*] threats, property damage,

11  fires and physical violence."  [Complaint at ¶ 45]  Further, as stated on the face of

12  the Ordinance, "unregulated transient occupancy uses in residential and

13  nonresidential districts present a threat to the public welfare relating to compatibility

14  with residential uses and **preservation of the character of the neighborhoods** in

15  which they are located."  [Ordinance at page 1 (Exhibit "A" to the Complaint)]

16  Also, "[t]he purpose of this ordinance is to provide a permit system and to impose

17  operational requirements to minimize the potential adverse impacts of transient uses

18  in residential neighborhoods and zoning districts on traffic, noise, and density to

19  ensure the health, safety and welfare . . . and to impose reasonable limitations in

20  order to ensure the long term availability of housing stock in compliance with the

21  Housing Element of the City's General Plan."  [Id.]

22  **III.    PLAINTIFFS' CLAIMS**

23          Plaintiffs bring seven Claims, including 1) equal protection claims under 42

24  U.S.C. § 1983 and 2) the California Constitution; 3) due process claims under 42

25  U.S.C. § 1983 and 4) the California Constitution; 5) violation of the Tom Bane Civil

26  Rights Act (California Civil Code § 52.1); 6) impairment of existing contracts under

27  42 U.S.C. § 1983; and 7) excessive fines under 42 U.S.C. § 1983 (only by the

28  Nguyens Plaintiffs who were the only Plaintiffs subject to citations).  There is no

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1   explanation of how the City's zoning or conduct violated any of these laws except

2   Plaintiffs' legal conclusion that they are "not rationally related to a legitimate

3   government function . . . ."  [See Complaint at ¶ 48]  Essentially, the City regulated

4   Short-Term Residential Rentals and Plaintiffs wish that the City did not because

5   they want to make money renting out their properties short-term.

6        Plaintiffs allege without distinction that the pre-Ordinance zoning,

7   Moratorium 1662, and the Ordinance (collectively referred to herein as "the City's

8   zoning") injured them in the form of "fines for purported violations of [the City's]

9   ordinances, diminution in value of each of Plaintiffs' real properties, the loss of

10  current and/or future rental income from Short-Term Residential Rentals of each of

11  the Plaintiffs' real properties, and/or having to expend attorneys' fees and costs to

12  challenge" said zoning.  [Complaint at ¶ 46]

13  **IV.   LEGAL STANDARD**

14       "To survive a motion to dismiss, a complaint must contain sufficient factual

15  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

16  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v.

17  Twombly, 127 S. Ct. 1955, 1974 (2007)); see also Johnson v. Riverside Healthcare

18  Sys., LP, 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may

19  be based on either a 'lack of a cognizable legal theory' or the 'absence of sufficient

20  facts alleged under a cognizable legal theory.'").  "Threadbare recitals of the

21  elements of a cause of action, supported by mere conclusory statements, do not

22  suffice."  Iqbal, supra, 129 S. Ct. at 1949; see also Twombly, supra, 127 S. Ct. at

23  1959 (Mere "labels and conclusions" and/or "formulaic recitations[s] of the elements

24  of a cause of action" will not suffice to overcome a motion to dismiss. (citations

25  omitted)).  Rather, the "[f]actual allegations must be enough to raise a right to relief

26  above the speculative level . . ." Twombly, supra, 127 S. Ct. at 1959.

27  **V.   PLAINTIFFS' FACIAL CHALLENGE FAILS**

28       With respect to the Moratorium and Ordinance, Plaintiffs do not expressly

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ★FAX 949-377-3110

-10-                8:20-cv-00348 JLS (ADS)

state whether their Claims are based on a facial challenge or an as-applied challenge, but since none of the Plaintiffs even applied for a permit under the Ordinance and no conduct by the City pursuant to the Moratorium or Ordinance is alleged, Plaintiffs' Claims logically must be based on a facial challenge.  All such challenges to the Moratorium and Ordinance here – Plaintiffs' First through Sixth Claims – must fail.[1]

"[A] facial challenge to a legislative Act is . . . the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  United States v. Salerno, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 107 S. Ct. 2095 (1987).  Except in the First Amendment context, facial challenges to statutes are disfavored.  Id.  In fact, last year, the Ninth Circuit cited Salerno and the "no set of circumstances" standard in a lawsuit against the City of Santa Monica's short-term rental regulations, and found that the plaintiff's attack on the regulation was properly dismissed with prejudice.  See Rosenblatt v. City of Santa Monica, 940 F.3d 439, 442, 444 (9th Cir. 2019).

Thus, in order for the City to prevail in this Motion, it need only show one set of circumstances that the Ordinance is valid (the Ordinance is valid in all sets of circumstances, but that is not the burden of the City to prove herein).  The City's relevant zoning code regarding permitted uses in residential zones (as set forth in Table 19.312.010 at page 14 of the Ordinance attached as Exhibit "A" to the Complaint), is valid in all circumstances.  It validly allows certain types of single-family dwellings (Site-build, manufactured, etc.).  It validly requires conditional use permits for other types of uses (community residential care facility, guesthouses, etc.).  The Ordinance validly allows Short-Term Residential Rentals with permits. The only conclusion is that the Ordinance is not facially invalid.

Regardless, even if Plaintiffs' Claims were based on as-applied challenges,

---

[1] Plaintiffs' Seventh "Cause of Action" ("Claim") is based on the pre-Ordinance citations on the Nguyens Plaintiffs only, and while not a facial challenge, still fails as a matter of law on other grounds, as described below.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1  they all still fail as a matter of law as described below.

2  **VI.    THE EQUAL PROTECTION AND DUE PROCESS CLAIMS FAIL**

3         **A.    Rational Basis Review Applies**

4         "Equal protection of the law means that persons who are similarly situated

5  with respect to a law must be treated alike under the law.  U.S. Const., 14th

6  Amend.; Cal. Const., art. I, § 7, subd. (a); Las Lomas Land Co., LLC v. City of Los

7  Angeles, 177 Cal.App.4th 837, 857 (2009).  But depending upon the circumstances,

8  differential treatment can be constitutionally valid.  'In areas of social and economic

9  policy, a statutory classification that neither proceeds along suspect lines nor

10  infringes fundamental constitutional rights must be upheld against equal protection

11  challenge if there is any reasonably conceivable state of facts that could provide a

12  rational basis for the classification.  [Citations]  Where there are 'plausible reasons'

13  for [the government] action, 'our inquiry is at an end.'  [Citation]  This standard of

14  review is a paradigm of judicial restraint.  'The Constitution presumes that, absent

15  some reason to infer antipathy, even improvident decisions will eventually be

16  rectified by the democratic process and that judicial intervention is generally

17  unwarranted no matter how unwisely we may think a political branch has acted.'

18  FCC v. Beach Communications, Inc., 508 U.S. 307, 313–14 (1993); see

19  also Warden v. State Bar, 21 Cal.4th 628, 645 (1999).  'In other words, the plaintiff

20  must show that the difference in treatment was 'so unrelated to the achievement of

21  any combination of legitimate purposes that we can only conclude that the

22  [government's] actions were irrational.'  Las Lomas, at 859 (quoting Gregory v.

23  Ashcroft, 501 U.S. 452, 471 (1991).'  Arcadia Development Co. v. City of Morgan

24  Hill, 197 Cal.App.4th 1526, 1534–1535 (2011)."  Griffith v. City of Santa Cruz, 207

25  Cal.App.4th 982, 993-94 (2012).

26         "'To establish a violation of substantive due process, the plaintiffs must

27  prove that the government's action was clearly arbitrary and unreasonable, having

28  no substantial relation to the public health, safety, morals, or general welfare.'

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1   <u>Sinaloa Lake Owners Assn. v. Simi Valley</u>, 882 F.2d 1398, 1407 (9th Cir. 1989).

2   Furthermore, 'in adjudicating substantive due process challenges to zoning

3   ordinances, a court asks only whether a *conceivable* rational relationship exists

4   between the zoning ordinance and legitimate governmental ends.' <u>Smithfield</u>

5   <u>Concerned Citizens v. Town of Smithfield</u>, 907 F.2d 239, 245 (1st Cir.

6   1990); <u>Lockary v. Kayfetz</u>, 917 F.2d 1150 (9th Cir. 1990)." <u>Kawaoka v. City of</u>

7   <u>Arroyo Grande</u>, 796 F.Supp. 1320, 1325 (C.D. Cal. 1992).

8          Importantly, "City legislative acts, including the general plan update, are

9   presumed valid. <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1577 n. 14

10  (11th Cir. 1989).  The city is not required to justify its actions with specific evidence

11  or documented reports.  'Although such planning and study are doubtless desirable,

12  due process does not require a legislative body to perform any particular studies or

13  prepare any particular analysis to justify its decisions.' <u>Smithfield</u>, 907 F.2d 239,

14  245.  Moreover, as mentioned *supra*, a general hope of undermining the credibility

15  of witnesses is not sufficient . . . ." <u>Kawaoka</u>, 796 F.Supp. at 1328.  It is not the

16  City's burden to prove that its zoning is valid with "specific evidence" or otherwise;

17  they are already presumed valid.  In other words, in order for Plaintiffs to state a

18  claim under due process or equal protection and survive this Motion, they must

19  prove that the only conclusion is that the City's rationale for its zoning was

20  completely irrational with no "plausible reasons" in "any reasonably conceivable

21  state of facts." <u>See</u> <u>id.</u>  Plaintiffs cannot do that.

22       **B.    <u>Plaintiffs' Exact Claims Have Been Rejected Even in the Context of</u>**

23             **<u>a Complete Ban on Short-Term Rentals in the Ewing Case</u>**

24          Plaintiffs' same claims, of "violation of [] civil rights under 42 USC § 1983,"

25  and violations of "substantive and procedural due process, and equal protection,"

26  have already been decided in favor of a city that completely prohibited "transient

27  commercial use of residential property for remuneration for less than 30 consecutive

28  days." <u>See</u> <u>Ewing v. City of Carmel-By-The-Sea</u>, 234 Cal.App.3d 1579, 1584-

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦ FAX 949-377-3110

-13-                8:20-cv-00348 JLS (ADS)

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

85  (1991).  In <u>Ewing</u>, the city banned all commercial use of residential property for "lodging uses where the term of occupancy . . . is for less than thirty (30) consecutive calendar days."  <u>Id.</u>  The <u>Ewing</u> court examined the nearly-century-old United States Supreme Court precedent, <u>Euclid v. Ambler Co.</u>, 272 U.S. 365, 386 (1926), wherein the Supreme Court "upheld the [city's zoning] ordinances as a proper exercise of police power" and "concluded that even if [the city's] reasons for adopting the scheme, such as the preservation of residential areas, 'do not demonstrate the wisdom or sound policy in all respects of those restrictions which we have indicated as pertinent to the inquiry, at least, the reasons are sufficiently cogent to preclude us from saying, as it must be said before the ordinance can be declared unconstitutional, that such provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."  <u>Id.</u> at 1587.  In other words, city zoning in this context is only unconstitutional if it is "clearly arbitrary and unreasonable" and has no "relation" to legitimate government interests.  <u>Id.</u>  Significantly, the Supreme Court held that maintaining "the residential character of the neighborhood" through creation of residential districts "from which business and trade of every sort, including hotels and apartment houses, are excluded" was determined to be a legitimate government interest that passed constitutional muster.  <u>Id.</u>

1. **Maintaining Residential Character Is a Legitimate Government Interest Justifying the City's Zoning**

In <u>Ewing</u>, the city's stated legitimate government interests (stated on the face of its zoning code) included "to maintain the residential character of the city," "to resist commercial short term rental of single family residences," and to "[p]rohibit expansion of visitor oriented commercial uses such as transient rentals."  <u>Id.</u> at 1589. The city noted that short-term rentals "create unmitigatable, adverse impacts on surrounding residential uses including, but not limited to, increased levels of commercial and residential vehicle traffic, parking demand, light and glare, and

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

noise detrimental to surrounding residential uses and the general welfare of the City. Such commercial use may increase demand for public services . . . ." Id.  The city did not provide evidence to support its legitimate government interests, while the plaintiff did submit evidence that there were "no complaints" regarding the stated secondary effects and that plaintiff's short term renting had no discernable impact or contribution to the negative secondary effects.  See id. at 1589-90.  Regardless, the court found that "[w]hile plaintiffs have presented some evidence to counter the council's finding[s] . . ., they have not met [the city's] chief purpose in adopting [the ordinance] - - 'to provide an appropriately zoned land area within the City for permanent single-family residential uses and structures and to enhance and maintain the residential character of the City.'" Id. at 1590.  The court held, as the Supreme Court "recognized[,] that maintenance of the character of residential neighborhoods is a proper purpose of zoning." Id.  The court did not rely on evidence by the city but instead on its own "reason" (i.e. common sense) when it held "that the 'residential character' of a neighborhood is threatened when a significant number of homes . . . are occupied not by permanent residents but by a stream of tenants staying a weekend, a week, or even 29 days.  Whether or not transient rentals have the other 'unmitigatable, adverse impacts' cited by the council, such rentals **undoubtedly affect the essential character of a neighborhood** and the stability of a community.  Short-term tenants have little interest in public agencies or in the welfare of the citizenry.  They do not participate [in the community] . . . .  Literally, they are here today and gone tomorrow - - without engaging in the sort of activities that weld and strengthen a community." Id. at 1591 (emphasis added).

Ultimately, the Ewing court found that "this reason alone," i.e. preservation of the residential character, "is sufficiently cogent to preclude us from saying, as it must be said before the ordinance can be declared unconstitutional, that such provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." Id. at 1591-92 (citing Euclid).

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

Here, the City has stated in the Ordinance itself, just as was sufficient in Ewing, "that unregulated transient occupancy uses in residential and nonresidential districts present a threat to the public welfare relating to compatibility with residential uses and **preservation of the character of the neighborhoods** in which they are located." [Ordinance at page 1 (Exhibit "A" to the Complaint)] This "reason alone is sufficient" to justify the zoning and hold that it passes constitutional muster. See id. The City also enumerates several other legitimate government interests that its zoning is designed to promote, including preventing adverse effects, which are also a rational basis. [Ordinance (Exhibit "A" to the Complaint)]

## 2.    The Zoning Is a Constitutional Limit on Rights

The Ewing court acknowledged that a city's zoning ability "must have its limits, or the contract and due process clauses are gone," but the court held that a ban on short-term rentals did not come close to the limit. See id. at 1592. The city's ordinance "leaves plaintiffs with several economically viable uses of their property. Plaintiffs may live in their homes permanently or occasionally. They may rent their homes for remuneration for at least 30 days. They may allow others to use their homes, without remuneration, for any length of time. They may sell their homes or otherwise encumber them. The only thing they may not do, under the terms of [the ordinance], is operate their homes" as short-term rentals. Id. "The intrusion into plaintiffs' bundle of ownership rights . . . is minimal and far outweighed by the public interest in enhancing and maintaining permanent residential areas." Id.

Here, the Ordinance is not even a total ban like in Ewing. Given that the intrusion into rights from a total ban "is minimal and far outweighed by the public interest," the Ordinance's reasonable regulations are less than a minimal intrusion.

## 3.    Regulation of Short-Term Residential Rentals While Leaving Other Uses Relatively Unregulated Is Reasonable

The Ewing plaintiffs argued that the city "has acted arbitrarily by restricting transient commercial use of residential property while other commercial uses are

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1  allowed" and that "these uses result in even greater 'unmitigatable, adverse impacts'

2  than the uses prohibited by [the ordinance]."  Id. at 1592-93.  The court rejected

3  such argument.  Id. at 1593.

4      Here, Plaintiffs make a similar argument that "transitional/supportive

5  housing" and "small group care homes" are allowed in the City, and thus, Short-

6  Term Residential Rentals should be allowed as well.  This argument should likewise

7  be rejected, as those residential uses are not necessarily short-term, and just as long-

8  term rentals are not prohibited, these longer-term uses "may create as stable a

9  community as resident homeowners" and are at least "not arbitrary but, rather,

10  reasonably linked to [the] goal" of maintaining the residential character.  See id.

11              **4.    The Zoning Is Not Unconstitutionally Vague**

12      The Ewing plaintiffs then argued that the city's ordinance was

13  "unconstitutionally vague and overbroad."  Id.  However, only a statute that is "so

14  vague that men of common intelligence must necessarily guess at its meaning and

15  differ as to its application, violates the first essential of due process."  Id. at 1594.

16  The court recognized that "we can never expect mathematical certainty from our

17  language," but instead "the requisite standards of certainty can be fleshed out from

18  otherwise vague statutory language by reference to any of the following sources: (1)

19  long established or commonly accepted usage; (2) usage at common law; (3) judicial

20  interpretations of the statutory language or of similar language; (4) legislative

21  history or purpose."  Id.  Ultimately, "liberal regard will be given to legislative

22  intent so as to give effect to the salutary objects of the particular law. [] Zoning

23  regulations are no exception to the foregoing principles."  Id.  "In fact, a substantial

24  amount of vagueness is permitted in California zoning ordinances."  Id.  The Ewing

25  plaintiffs attacked the ordinance as vague in numerous respects, some that the city's

26  attorney even conceded, but the court still upheld the ordinance as constitutional

27  because it did "not presume to know how expansively [the city] will interpret [the

28  ordinance]," "the legislative purpose is clear[,]" and it "is sufficiently clear to allow

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   people of common intelligence to understand its meaning." <u>Id.</u> at 1595.

2          Here, Plaintiffs allege that the Ordinance is "vague" but they only point to the

3   requirement in the Ordinance that "[t]he host is required to reside on the property on

4   which the short-term rental is located . . . ."  [Complaint at ¶ 18]  Then, Plaintiffs

5   allege in conclusory fashion that the Ordinance is "unconstitutionally vague"

6   because it "fail[s] to define the regulation . . . with sufficient definiteness that people

7   of ordinary intelligence can understand what conduct is prohibited or required . . . ."

8   [Complaint at ¶ 54]  It is unclear what Plaintiffs think is too vague about the

9   Ordinance.  Even the one sentence that Plaintiffs specifically reference is completely

10  clear and in fact, three of the terms, "host," "reside," and "short-term rental" are even

11  specifically defined in the Ordinance.  [Ordinance at page 4 (Exhibit "A" to the

12  Complaint)]  There is nothing vague about it.  Applying the definitions, it is clear

13  that the subject property that is being rented out for a period of 12 hours to 29 days,

14  must be the primary residence of the fee title holder of that property.

15         **5.      The Zoning Does Not Violate Substantive Due Process or**

16                 **Equal Protection**

17         The <u>Ewing</u> plaintiffs further argued that the city's ordinance "violates their

18  constitutional rights of substantive due process and equal protection." <u>Id.</u> at 1595.

19  They improperly attempted to put the burden on the city "of demonstrating that the

20  infringement upon constitutional rights is necessary to meet a compelling public

21  need and that the ordinance is the least intrusive means of meeting that need." <u>Id.</u> at

22  1596.  Alternatively, they argued that the ordinance "is not rationally related to the

23  goals sought to be achieved." <u>Id.</u>  However, the court held the first standard,

24  compelling need, did not apply, and found that "the ordinance is rationally related to

25  the stated goal . . . to enhance and maintain the residential character . . . ." <u>Id.</u>  As a

26  matter of law, "[l]imiting transient commercial use of residential property . . .

27  addresses that goal" and "is a rational basis . . . ." <u>Id.</u>  The court held that the city

28  did not "violate[] plaintiffs' constitutional rights . . . ." <u>Id.</u> at 1598.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1    Likewise here, the City's zoning is, as a matter of law, at least rationally

2  related to the stated goal of maintaining the residential character.  Plaintiffs do not

3  explain, beyond mere conclusions, why the zoning is not rationally related, or how it

4  specifically violates due process or equal protection.  Therefore, there is no violation

5  of due process or equal protection and Plaintiffs' claims fail.

6    **C.    Plaintiffs' Procedural Due Process Claim, if Any, Fails**

7    "In order to state a valid procedural due process claim, [a plaintiff] must

8  demonstrate: (1) that it had a property interest; (2) of which the [defendant] deprived

9  it; (3) without due process of law." Tri-County Paving, Inc. v. Ashe County, 281

10  F.3d 430, 436 (4th Cir. 2002); Aiuto v. San Francisco's Mayor's Office of

11  Hous., 2010 U.S. Dist. LEXIS 47228, at *29 (N.D. Cal. 2010).  "The procedures due

12  in zoning cases, and by analogy due in cases such as this one involving regulation of

13  land use through general police powers, are not extensive.  For example, the

14  Supreme Court held in City of Eastlake v. Forest City Enterprises, Inc., 426 U.S.

15  668, 49 L. Ed. 2d 132, 96 S. Ct. 2358 (1976), that a local government could,

16  consistent with the Due Process Clause, make zoning decisions through the political

17  process in a referendum with no hearings of any kind." Tri-County Paving, 281

18  F.3d at 436.  In Tri-County Paving, the court held that the opportunity to apply for a

19  permit, to comment at public meetings, to apply for a variance with the County, to

20  petition a state court for a writ of mandamus, among others, were more than enough

21  to satisfy procedural due process. Id. at 437-38.

22    "Generally, if the 'action complained of is legislative in nature, due process is

23  satisfied when the legislative body performs its responsibilities in the normal

24  manner prescribed by law.' Hotel & Motel Ass'n of Oakland v. City of Oakland,

25  344 F.3d 959, 969 (9th Cir. 2003) (quoting Halverson v. Skagit County, 42 F.3d

26  1257, 1260 (9th Cir. 1995)). '[G]overnmental decisions which affect large areas and

27  are not directed at one or a few individuals do not give rise to the constitutional

28  procedural due process requirements of individualized notice and hearing; general

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

notice as provided by law is sufficient.' <u>Hotel & Motel Ass'n of Oakland</u>, 344 F.3d at 969 (quoting <u>Halverson</u>, 42 F.3d at 1261)." <u>Aiuto</u>, 2010 U.S. Dist. LEXIS 47228, at *24-25.  In <u>Aiuto</u>, the court dismissed the plaintiff's vague procedural due process claims against the enactment of an ordinance, as a matter of law, because it was a generally applicable law made through the normal legislative process.  <u>Id.</u>

Although not alleged in the Complaint, during meeting and conferring with Plaintiffs' counsel, he attempted to argue that the fact that the ultimate decision under the Ordinance of whether to issue a permit lies with the City, that somehow there could not be any due process.  He could not explain how the well-settled, ubiquitous aspect of zoning (a City being the final decision-maker on whether to issue a zoning permit or not), which has been the standard, unchallenged practice specifically authorized by State law (see Government Code §§ 65850(a) and 65901(a) *et seq.*) was unconstitutional.  He suggested that a third-party arbitrator should have the final say on City zoning decisions.  There is no support for such a position, and it is antithetical to the system of city governance in this country. "California Constitution article XI, section 7, confers on a city [] the power to 'make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws.'  Thus, '[u]nder the police power granted by the Constitution, counties and cities have plenary authority to govern, subject only to the limitation that they exercise this power within their territorial limits and subordinate to state law.  (Cal. Const., art. XI, § 7.)  Apart from this limitation, the 'police power [of a county or city] under this provision . . . is as broad as the police power exercisable by the Legislature itself.'" <u>See</u> <u>e.g.</u> <u>Suter v. City of Lafayette</u>, 57 Cal.App.4th 1109, 1118 (1997).

**D.** **<u>Several Other Courts Throughout the Country Have Upheld Similar Short-Term Residential Rental Regulations</u>**

In <u>Homeaway, Inc. v. City of Santa Monica</u>, 2018 U.S. Dist. LEXIS 100177, at *2 (C.D. Cal. 2018), this Court granted the City of Santa Monica's motion to

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   dismiss a complaint against its Ordinance, "prohibiting short-term housing rentals."
2   Santa Monica's ordinance only allowed residents who remained on-site and obtained
3   a business license to host guests for compensation for a period of less than 31 days.
4   Id. at *4.  The city argued that the ordinance "expressly adopted and reaffirmed the
5   City's longstanding prohibition on short-term rentals," because the "City's Zoning
6   [Code] identifies the uses that are specifically permitted in each district [u]nder [a]
7   permissive zoning scheme[, under which] if a use is not listed, it is prohibited."  Id.
8   at *4, fn. 3.  The plaintiffs argued that before the ordinance, the city "never directly
9   banned short-term rentals."  Id. at *4.  This Court dismissed the action.  Id. at *24.

10        In Harrison v. City of Rancho Mirage, 243 Cal.App.4th 162, 166 (2015), "the
11   City passed Ordinance 1084, which modified the existing Rancho Mirage Municipal
12   Code section 3.25 regulating short-term vacation rentals," to require that a renter at
13   least 30 years old "must sign a contract/lease agreeing to ensure that all occupants
14   follow the rules and regulations in section 3.25 to help minimize any negative
15   effects on the surrounding area."  The plaintiff sued the city for age discrimination,
16   arguing that the ordinance was effectively a ban and claiming loss of income from
17   rentals of at least $20,000 each year.  Id. at 166-67.  The court held that the city's
18   regulation of short-term rentals "was intended to mitigate the secondary negative
19   effects of the use of privately owned residential dwellings as vacation rentals."  Id.
20   at 167.  In the city's demurrer, which was sustained, the city argued that its
21   regulations were "enacted within the City's police power to preserve the public
22   peace, safety, morale and health . . ., to minimize the negative secondary effects of
23   vacation rentals" and that they were "reasonable related to the public welfare and
24   legitimate government interest.  Id. at 168.

25        In City of Venice v. Gwynn, 76 So.3d 401, 403 (Fla. Dist. Ct. App. 2011), the
26   city had "prohibited owners of single-family dwellings in residential neighborhoods
27   from renting their property for short periods of time."  A resident sued the city
28   arguing that the ban was unconstitutional because it "substantially interfered with

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   her rightful use of and reasonable expectation for her property without substantial

2   advancement of any legitimate governmental interest." Id. at 404.  The appellate

3   court rejected the plaintiff's arguments and held that the ordinance was

4   constitutional, noting that "[t]he standard is not whether the landowner has been

5   denied those uses to which he wants to put his land; it is whether the landowner has

6   been denied all or substantially all economically viable use of his land." Id. at 405.

7        In Jackson & Co. (USA), Inc. v. Town of Avon, 166 P.3d 297, 298 (Colo.

8   App. 2007), the court upheld a permanent injunction against the plaintiff's short-

9   term renting.  The city had a pre-existing zoning code that did not expressly address

10  short-term rentals, but the city directed plaintiff to cease its short-term renting on the

11  grounds that the ban was implied in the zoning, which did not specifically allow for

12  short-term rentals. See id. at 299-300.  After plaintiff refused to cease the short-

13  term renting, the city enacted a new ordinance that did expressly address and ban

14  short-term rentals. Id.  The plaintiff sued, arguing that it had a "lawful

15  nonconforming use," which was allowed under the pre-ordinance zoning code, and

16  thus should be allowed to continue to operate. Id.  The court rejected the argument,

17  finding that "[a]lthough there is no express prohibition of weekly or short-term

18  rentals" in the pre-ordinance zoning, the short-term rental was still barred because,

19  among others, it was "inconsistent with the residential character of the area." Id.

20       In Anderson v. Provo City Corp., 108 P.3d 701, 703 (UT. 2005), the Utah

21  Supreme Court upheld an ordinance "governing residential neighborhoods . . . to

22  allow only those homeowners who reside in their homes to rent out," portions of the

23  property.  It held that the ordinance was within the authority of the city and was not

24  an "impermissible regulation of 'ownership.'" Id. at 705.  The plaintiff argued that

25  the ordinance was unconstitutional because it distinguished between occupying

26  owners and non-occupying owners, however the court held that the ordinance

27  allowed "an activity that would not be permitted at all in the absence of the"

28  ordinance, and it was "reasonably related to the underlying purposes of [the city's]

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   land use regulation." Id. at 706-07.  It is not that non-occupying owners are losing

2   anything from the ordinance (they never could rent out the property in the way the

3   ordinance allows), it is that occupying owners were granted the "equivalent to an

4   individually-applicable owner occupancy restriction on a variance or conditional use

5   permit that allows an otherwise prohibited use." Id.  The court also held, that "the

6   disparity in treatment is reasonably justified by the [city's] stated objective of

7   balancing the city's competing interests in [allowing rentals] and in preserving the

8   character of single-family residential neighborhoods." Id. at 708.  Specifically,

9   "preventing absentee landlords . . . would help to retain the neighborhoods' single-

10  family character rather than . . . units often occupied by semitransient residents." Id.

11  The city "could reasonably conclude that limiting [] rental to occupying owners

12  would further this objective." Id.  "[T]he presence on the property of the owner,

13  who would maintain closer control . . . would more likely mitigate this effect and

14  tend to preserve the neighborhood's single-family residential character." Id.

15       Here, Plaintiffs vaguely take issue with the requirement in the Ordinance that

16  in order to obtain a permit, the owner must use the subject property as his or her

17  primary residence.  Although not stated in the Complaint, Plaintiffs seem to

18  complain that absentee landlords are unable to obtain a permit.  This is essentially

19  the situation in Anderson that the court found was constitutional and reasonably

20  related to the city's stated goals.  The distinction in the Ordinance is also rationally

21  and reasonably related to the City's stated goals in the Ordinance, including the

22  "preservation of the character of the neighborhoods" and the City's finding that the

23  "provision of this ordinance which allows only residents to host guests in their home

24  while they reside on-site, prevents permanent long-term housing from being

25  converted into short-term rentals operated for commercial interest" and "is necessary

26  to eliminate investor/corporate owned and operated short term rentals, to maintain

27  the residential integrity and [prevent] adverse impacts from commercialization of

28  City's neighborhoods."  [Ordinance at page 1 (Exhibit "A" to the Complaint)]

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

**E.** **The Moratorium Is Expressly Allowed By State Law**

Plaintiffs vaguely include in their Claims reference to the Moratorium that the City adopted prior to the Ordinance, which expressly and temporarily banned Short-Term Residential Rentals while the City contemplated the Ordinance.  It is unclear how Plaintiffs think the Moratorium was unconstitutional.  To the contrary, the Moratorium is expressly allowed under Government Code § 65858, which allows a city to adopt "an interim ordinance prohibiting any uses that may be in conflict with a contemplated [] zoning proposal that the legislative body [] is considering . . . ."

Such moratoria have been upheld as reasonable, especially when plaintiffs can only show "a weak connection to the causes of action . . . [and] claim for damages."  See Kawaoka, 796 F.Supp. at 1325, 1328; see also Davidson v. City of Culver City, 2004 U.S. Dist. LEXIS 30574, at *32 (C.D. Cal. 2004); City of Claremont v. Kruse, 177 Cal.App.4th 1153, 1178 (2009).

Further, since the pre-Moratorium zoning code already did not permit Short-Term Residential Rentals, the Moratorium could not have had any significant effect on Plaintiffs in terms of making it clear that their already-improper Short-Term Residential Rentals were still improper until the City took action to permit the use, which it did through the Ordinance.

**F.** **The City's Pre-Ordinance Zoning Code Did Not Permit Short-Term Residential Rentals**

In Slice of Life, LLC v. Hamilton Twp. Zoning Hearing Bd., 207 A.3d 886, 888  (Pa. 2019), the Pennsylvania Supreme Court last year upheld a city's zoning ordinance that banned "transient use of a house," or short-term rentals that have become "increasingly popular [due to the] concept of web-based rentals of single-family homes to vacationers and other transient users for a few days at a time."  Significantly, the lower court had found that since short-term rentals were not expressly barred by the city's zoning, and could arguably fit into existing allowed uses including the undefined "single housekeeping unit," that they were allowed.  Id.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

1    at 895-6.  However, the city appealed, arguing that "because short-term rentals are

2    not listed as a permitted use, that use is excluded, and there is no ambiguity."  Id. at

3    898.  The Supreme Court reversed, because even though "single housekeeping unit"

4    was undefined, it "is a term of art that is widely used in zoning ordinances" and is

5    held to exclude uses that are "purely transient."  Id. at 899.  Thus, the zoning code

6    "clearly and unambiguously excluded, in pertinent part, purely transient uses of

7    property . . . .  This is entirely consistent with the long-recognized goals of creating

8    a residential zoning district.  [Citation]  As a California appellate court observed,

9    short-term rentals of homes located in a single-family residential zoning district

10   'undoubtedly affect the essential character of a neighborhood and the stability of a

11   community."  Id. (citing Ewing).  The Supreme Court held that an "excluded-unless-

12   expressly-included standard . . . is the only workable standard" for zoning.  Id. at

13   902.  Otherwise, it would be "impossible for drafters of zoning ordinances . . . ."  Id.

14        Here, Plaintiffs acknowledge that the City's zoning was "excluded-unless-

15   expressly-included," [Complaint at ¶ 23] but Plaintiffs argue that the City's pre-

16   Ordinance zoning allowed "transitional/supportive" housing, which is allegedly

17   undefined, and which Short-Term Residential Rentals should have qualified under

18   as "in the spirit."  This is the same rejected argument in Slice of Life.

19        Similarly, in Siwinski v. Town of Ogden Dunes, 949 N.E.2d 825, 827 (Ind.

20   2011), the Indiana Supreme Court upheld summary judgment for a city against

21   short-term rentals because there was no express allowance in the zoning code for

22   such use, and upheld the city's fines against the renter up to $32,500.  The court held

23   that the zoning code was unambiguous, and that "[i]t makes sense . . . [to] not want

24   renters overwhelming its residential district . . . ."  Id. at 829-30.

25        Here, "transitional/supportive housing" is not undefined in California law.  On

26   June 12, 2013, the City adopted Resolution No. 5873 to amend the zoning code

27   specifically "pertaining to emergency shelters, transitional and supportive housing,

28   and affordable housing incentives as required by state mandates."  [Resolution No.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   5873 attached as Exhibit "1" to the City's Request for Judicial Notice ("RJN")]  The

2   Resolution was "regarding Zoning Ordinance revisions resulting from State law

3   (Senate Bill 2)."  [Id.]  Senate Bill 2 (2007) amended Government Code § 65582,

4   which defines "Transitional housing" as "buildings configured as rental housing

5   developments, but operated under program requirements that require the termination

6   of assistance and recirculating of the assisted unit to another eligible program

7   recipient at a predetermined future point in time that shall be no less than six months

8   from the beginning of the assistance."  Inherent in "transitional housing" is a

9   minimum stay of "no less than six months" which is the opposite of Short-Term

10  Residential Rentals, which are a maximum of one month.  Further, Government

11  Code § 65582 defines "Supportive housing" as "housing with no limit on length of

12  stay, that is occupied by the target population, and this is linked to an onsite or

13  offsite service that assists the supportive housing resident in retaining the housing,

14  improving his or her health status, and maximizing his or her ability to live and,

15  when possible, work in the community."  Again, this is the opposite of a Short-Term

16  Residential Rental, which has a limit on the length of stay of less than a month.

17       Plaintiff references "small group care home" as in the "spirit" of Short-Term

18  Residential Rentals.  To the contrary, the definition of "small group care home"

19  specifically states: "This definition does not include . . . lodging house for transient

20  quarters."  [See BPMC § 19.104.080 attached as Exhibit "2" to the RJN]

21       Even if the City's zoning was ambiguous as to "transitional/supportive" or

22  "small group care home" housing, which it is not, the next step in statutory

23  construction is to consider the legislative history and uses of the terms in other

24  statutes.  Siwinski, 949 N.E.2d at 829 (a cardinal rule of statutory construction,

25  which is to "ascertain the intent of the drafter").  Statutory construction does not

26  involve blindly interpreting the term in whatever way the plaintiff wishes it to mean.

27  **VII.  PLAINTIFFS' CIVIL CODE § 52.1 CLAIM FAILS**

28       "'The essence of a Bane Act [§ 52.1] claim is that the defendant, by the

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ◆FAX 949-377-3110

1  specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did

2  prevent the plaintiff from doing something he or she had the right to do under the

3  law or to force the plaintiff to do something that he or she was not required to do

4  under the law.  Jones v. Kmart Corp., 17 Cal.4th 329, 334 (1998).'  Austin B. v.

5  Escondido Union School Dist., 149 Cal.App.4th 860, 883 (2007).  The legislative

6  history of section 52.1 [] makes clear that the crucial motivation behind passage

7  of section 52.1 was to address the increasing incidence of hate crimes in California."

8  Shoyoye v. County of Los Angeles, 203 Cal.App.4th 947, 955-56 (2012).

9      "The necessary elements for a section 52.1 claim are: '(1) defendants

10  interfered with plaintiff's constitutional rights by threatening or committing **violent**

11  **acts**; (2) that plaintiff reasonably believed that if she exercised her constitutional

12  rights, defendants would **commit violence** against her property; (3) plaintiff was

13  harmed; and (4) defendants' conduct was a substantial factor in causing plaintiff's

14  harm.'  Tolosko-Parker v. County of Sonoma, 2009 U.S. Dist. LEXIS 15598, at *5

15  (N.D. Cal. 2009)."  Meyers v. City of Fresno, 2011 U.S. Dist. LEXIS 31209, at *16-

16  17 (E.D. Cal. 2011).  Thus, the two essential elements of a Civil Code § 52.1 claim

17  is 1) a deprivation of a right under the law and 2) "threats, intimidation or coercion."

18      Plaintiffs cannot meet either element.  First, as shown throughout, Plaintiffs'

19  other Claims all fail as a matter of law, and Plaintiffs are unable to articulate any

20  right under the law that they were deprived of.  The City's Ordinance and conduct

21  was legitimate and constitutional.  "Section 52.1 does not provide any substantive

22  protections; instead, it enables individuals to sue for damages as a result of

23  constitutional violations."  Meyers, 2011 U.S. Dist. LEXIS 31209, at *18.

24      Second, Plaintiffs do not and cannot allege any "threats, intimidation or

25  coercion" by the City, especially of any "violence."  The only allegation of the City

26  doing anything to Plaintiffs is issuing citations to the Nguyens Plaintiffs [Complaint

27  at ¶ 22] and simply "mailing Moratorium 1662" to the other Plaintiffs.  [Complaint

28  at ¶¶ 30, 35, 40]  Neither legally qualifies as "threats, intimidation or coercion."

With regard to the City "mailing" a copy of the Moratorium, in <u>Meyers</u>, 2011 U.S. Dist. LEXIS 31209, at *8, the court dismissed the plaintiffs' Civil Code § 52.1 claim, which was based on allegations of "letters and bulletin [that plaintiffs argued] were intended to force [plaintiffs] to abandon their underlying action . . . ."  The city argued "that sending the unsigned letter with the 'general, non-directed informational bulletin . . . does not constitute requisite threats, intimidation or coercion."  <u>Id.</u> at *20.  The plaintiffs "characterize[d] the letters as 'an intentional exertion of pressure' . . . ."  <u>Id.</u>  However, the court concluded that it would require "an illogical stretch [] to connect the letter and bulletin" to any deprivation of rights and separately they were not a "threat, intimidation or coercion to interfere with rights."  <u>Id.</u> at *21-22.  The court also held, "further bolster[ing] dismissal," was the fact that there was no "threats of violence" in the letter and bulletin."  <u>Id.</u> at *23-24. Here, simply mailing a copy of a legislative enactment cannot, as a matter of law, satisfy the "threats, intimidation or coercion" element of Civil Code § 52.1.

With regard to the citations, in <u>City and County of San Francisco v. Ballard</u>, 136 Cal.App.4th 381, 407-8 (2006), the court upheld a demurrer without leave to amend against a Civil Code § 52.1 claim where the claimant alleged that the "city threatened to impose $15 million in penalties on him . . . ."  However, threats of civil penalties is not, as a matter of law, a requisite "threat of force" or "violence." <u>Id.</u>  To hold that civil citations in themselves (i.e. code enforcement) are sufficient to state a Civil Code § 52.1 claim would expose every city to liability for its routine code enforcement activities.  Civil Code § 52.1 does not "protect[] against such purely nonphysical harm as economic sanctions . . . ."  <u>Mayfield v. City of Oakland</u>, 2007 U.S. Dist. LEXIS 59947, at *21 (N.D. Cal. 2007).

## VIII.  **THE IMPAIRMENT OF EXISTING CONTRACTS CLAIM FAILS**

Plaintiffs claim that the Moratorium and Ordinance were "new" and "impairs Plaintiffs' existing contracts with AirBnb, other listing services, and short-term renters . . . ."  [Complaint at ¶ 72]  As above, the City's pre-ordinance zoning validly

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ✦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1  did not allow Short-Term Residential Rentals at all, thus any existing contracts were

2  illegal anyway.  "[T]he contract clause of the Constitution of the United States 'does

3  not give validity to contracts which are properly prohibited by statute.'"  Griffith v.

4  Connecticut, 218 U.S. 563, 571, 31 S.Ct. 132, 134, 54 L.Ed. 1151, 1154 (1910).

5      "Although the language of the Contract Clause is facially absolute, its

6  prohibition must be accommodated to the inherent police power of the State 'to

7  safeguard the vital interests of its people.'  Home Bldg. & Loan Assn. v. Blaisdell,

8  290 U.S. 398, 434 (1934).  In Blaisdell, the Court approved a Minnesota mortgage

9  moratorium statute, even though the statute retroactively impaired contract

10 rights.  The Court balanced the language of the Contract Clause against the State's

11 interest in exercising its police power, and concluded that the statute was justified."

12 Energy Reserves Group v. Kan. Power & Light Co., 459 U.S. 400, 410, 103 S.Ct.

13 697, 704, 74 L.Ed.2d 569, 580 (1983).

14     The "threshold inquiry is 'whether the [] law has, in fact, operated as a

15 substantial impairment of a contractual relationship.'"  Id. at 411.  "The Ninth

16 Circuit has made clear that, to prevail on a Contract Clause claim a plaintiff must

17 establish: '(1) whether a contract exists **as to the specific terms allegedly at issue**,

18 (2) whether the law in question impairs an obligation under that contract and (3)

19 whether the discerned impairment can fairly be characterized as substantial."  See

20 San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d

21 725, 736-37 (9th Cir. 2009)."  Vanguard Med. Mgmt. Billing v. Baker, 2018 U.S.

22 Dist. LEXIS 227722, at *36 (C.D. Cal. 2018).  Here, Plaintiffs have not alleged

23 what the contracts' term were, so it is impossible to meet this threshold inquiry.

24     Even if Plaintiffs were able to identify a substantial impairment, the zoning

25 will survive a contracts clause claim if there is "a significant and legitimate public

26 purpose behind the regulation . . . rather than providing a benefit to special

27 interests."  Id. at 411-12.  As shown above, the City's zoning serves a legitimate

28 public interest, including preserving the character of the residential neighborhoods.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1   The last factor is the reasonableness of the law, but "[u]nless the [City] itself is a

2   contracting party . . . courts properly defer to legislative judgment as to the necessity

3   and reasonableness of a particular measure." <u>Id.</u> at 412-13.  This Court should

4   "properly defer" to the City's judgment as to the reasonableness of the zoning, which

5   allows for Short-Term Residential Rentals with a permit pursuant to reasonable

6   requirements (as opposed to an outright ban that have been upheld as shown above).

7   **IX.   <u>PLAINTIFFS' EXCESSIVE FINES CLAIM FAILS</u>**

8        Here, the Nguyens Plaintiffs allege they were charged excessive fines under

9   the Eighth Amendment, based on "at least thirty-[f]ive discrete citations totaling

10  over $21,750," which is about $620 per citation.  [Complaint at ¶¶ 22, 80]  "The

11  touchstone of the constitutional inquiry under the Excessive Fines Clause [] is the

12  principle of proportionality: The amount of the forfeiture must bear some

13  relationship to the gravity of the offense that it is designed to punish.  <u>United States</u>

14  <u>v. Bajakajian</u>, 524 U.S. 321, 334, 118 S. Ct. 2028, 141 L. Ed. 2d 314 (1998).  A

15  punitive forfeiture — which can include a civil penalty — violates the Excessive

16  Fines Clause if it is grossly disproportional to the gravity of a defendant's

17  offense.  <u>Id.</u>; <u>accord</u> <u>U.S. Sec. & Exch. Comm'n v. Brookstreet Sec. Corp.</u>, 664 F.

18  App'x 654, 656 (9th Cir. 2016)."  <u>Leon v. Hayward Bldg. Dep't</u>, 2018 U.S. Dist.

19  LEXIS 35718, at *13 (N.D. Cal. 2018).  In <u>Leon</u>, the court dismissed an excessive

20  fines claim with prejudice because the plaintiff did "not allege facts that suggest that

21  the fines were disproportionate to the zoning violations."  <u>Id.</u> at *13-14.  In <u>Jensen v.</u>

22  <u>County of Sonoma</u>, 2010 U.S. Dist. LEXIS 55112, at *38-39 (N.D. Cal. 2010), the

23  court granted summary judgment on an excessive fines claim because the plaintiff

24  only made "the conclusory statement that [] the fines imposed are excessive and

25  unconstitutional" and cited no authority in support.

26        "It is well-established that monetary penalties provide a deterrent to unlawful

27  conduct.  <u>See</u>, <u>e.g.</u>, <u>Towers v. City of Chicago</u>, 173 F.3d 619, 625-26 (7th Cir.), <u>cert.</u>

28  <u>denied</u> 528 U.S. 874 (1999) ('[T]he City, in fixing the amount, was entitled to take

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

1  into consideration that the ordinances must perform a deterrent function[] . . . .  The

2  $500 fine imposed in this case is large enough to function as a deterrent, but it is not

3  so large as to be grossly out of proportion to the activity that the City is seeking to

4  deter.'); <u>Disc. Inn, Inc. v. City of Chicago</u>, 72 F.Supp.3d 930, 934-35 (N.D. Ill.

5  2014), <u>aff'd</u>, 803 F.3d 317 (7th Cir. 2015)." <u>Pimentel v. City of Los Angeles</u>, 2018

6  U.S. Dist. LEXIS 85054, at *15 (C.D. Cal. 2018).  "The Supreme Court has held

7  that policy makers are to be afforded wide deference in setting fine amounts.  <u>See</u>

8  <u>Bajakajian</u>, 524 U.S. at 336 ('judgments about the appropriate punishment for an

9  offense belong in the first instance to the legislature [and r]eviewing courts should

10  grant substantial deference to the broad authority that legislatures necessarily

11  possess in determining . . . questions of legislative policy.')." <u>Pimentel</u>, 2018 U.S.

12  Dist. LEXIS 85054, at *19-20 (upholding fees as constitutional).

13    In <u>Morrow v. City of San Diego</u>, 2011 U.S. Dist. LEXIS 120419, at *16 (S.D.

14  Cal. 2011), the court dismissed with prejudice an excessive fines claim for fines of

15  $500 and $250 per day for a total of $33,750 for violations of the city's municipal

16  codes, because they were below the California Penal Code amount of $1,000 for any

17  misdemeanor, finding that "the civil penalties were not grossly disproportionate as a

18  matter of law and were not 'excessive' in violation of the Eighth Amendment."

19    As detailed above, the "wide deference" afforded by the Supreme Court in

20  setting fine amounts leads courts to dismiss excessive fine claims unless the plaintiff

21  can show as a matter of law in the pleadings that the fines are indeed excessive.  <u>See</u>

22  <u>e.g.</u>, <u>Pimentel</u>, <u>Leon</u>, <u>Morrow.</u>  The City was justified in fining Plaintiffs $620 per

23  rental in order to deter the conduct, which is less than California's $1,000 per

24  misdemeanor amount.  <u>See</u> <u>Morrow</u>.  Here, there is nothing in the Complaint to

25  support a claim that the City's citations were excessive.

26  **X.**   **<u>CONCLUSION</u>**

27    Based on the foregoing, the City respectfully requests that this Court grant its

28  Motion to Dismiss in its entirety without leave to amend.

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

1   DATED:  March 26, 2020       EVERETT DOREY LLP

2

3

4                           By: _____

5                               Seymour B. Everett, III
                              Samantha E. Dorey

6                               Christopher D. Lee
                              Attorneys for Defendants

7                               CITY  OF BUENA PARK and

8                               ADRIA M. JIMENEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ✦FAX 949-377-3110

## <u>PROOF OF SERVICE</u>

### Nguyen v. City of Buena Park
### Case No. 8:20-cv-00348

## STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On March 26, 2020, I served true copies of the following document(s) described as:

### DEFENDANTS CITY OF BUENA PARK'S AND ADRIA M. JIMENEZ'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

I served the documents on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 26, 2020, at Irvine, California.


<u>                    /s/ Kristal Mauro                    </u>
Kristal Mauro

1
2

**SERVICE LIST**
**Nguyen v. City of Buena Park**
**Case No. 8:20-cv-00348**

3
4
5
6

RUSSELL LAW GROUP
Dennis Russell, Esq. (SBN: 118253)
9595 Wilshire Boulevard Suite 900
Beverly Hills CA 90212
Tel: 877-525-1579
Fax: 888-361-3584
Email: lawamerica@gmail.com

*Attorneys for Plaintiffs*
*LIEM K. NGUYEN, CASSANDRA*
*ELLIOTT, BRYAN NGUYEN, and*
*WILSON NAVARRO*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110