UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                          Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

<u>  Melissa Kunig  </u>                                            <u>      N/A      </u>
      Deputy Clerk                                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                             Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING DEFENDANTS'
                      MOTION TO DISMISS (Doc. 12)**

         Before the Court is a Motion to Dismiss filed by Defendants Adria M. Jimenez[1]
and the City of Buena Park.  (Mot., Doc. 12.)  Plaintiffs Liem K. Nguyen, Cassandra
Elliott, Bryan Nguyen, and Wilson Navarro opposed and Defendants replied.  (Opp.,
Doc. 16; Reply, Doc. 17.)  Having reviewed all relevant papers and taken the matter
under submission, for the following reasons, the Court GRANTS Defendants' Motion.

## I.      <u>BACKGROUND[2]</u>

         On May 14, 2019, the Buena Park City Council enacted an emergency ordinance,
Ordinance No. 1662, which, by its own terms "clarif[ied] the city's existing prohibition
on short-term rentals by enacting a [45-day] moratorium thereon."  (Complaint ¶ 13, Doc.
1; Ordinance 1662, accessed at http://buenaparkstr.com/wp-
content/uploads/2019/06/2019-05-14-O-1662.pdf.)  That ban was ultimately extended
until May 14, 2020.  (Compl. ¶ 1.)  Then on January 14, 2020, the City Council passed
Ordinance No. 1675, a permanent regulation of short-term rentals on properties zoned for
single-family residences.  (*Id.* ¶ 16; Ordinance 1675, Compl. Ex. 1, Doc. 1.)  Ordinance

---

[1] Plaintiffs are suing Defendant Jimenez in her official capacity as City Clerk of Buena Park.
(Compl. ¶ 7.)  In that role, she is the individual responsible for certifying the adoption of Buena
Park ordinances.  (*Id.*)
[2] For the purposes of Defendants' Motion to Dismiss, the Court accepts as true all well-pleaded
factual allegations of Plaintiffs' Complaint.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                                  Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

1675 defines short-term rental as "the renting of any portion of any structure or residential dwelling unit for a period of not less than 12 hours and for a maximum of 29 consecutive days to a particular occupant."  (Ordinance 1675 at 4.)  That definition specifically distinguishes these residential short-term rentals from other forms of transient housing, noting that "[a] short-term rental shall not be considered as a hotel, extended stay hotel, motel or corporate apartment."  (*Id*.)  Such rentals are permitted under Ordinance 1675 subject to a range of conditions—for example, a permit is required to operate short-term rentals and the property owners must reside on the property on which the short-term rental is located.  (*See id*. at 4-13, Compl. ¶ 18.)  Violation of the Ordinance is classified as a misdemeanor.  (Ordinance 1675 at 13.)  Due to these restrictions, Plaintiffs assert that Ordinance 1675 effectively "serves as a constitutionally-violative de-facto ban on the vast majority of Short-Term Residential Rentals."  (Compl. ¶ 17.)

Plaintiffs are individuals who own single-family homes on residential property within the city of Buena Park.  (Compl. ¶¶ 2-5, 19, 27, 32, 37.)  At those properties, prior to the adoption of the Ordinances discussed herein, they engaged in what Buena Park now classifies as short-term renting.   While residing in their homes, Liem Nguyen and Cassandra Elliot would rent portions of the residences on a short-term basis.  (*Id*. ¶¶ 21, 29.)  Similarly, Plaintiffs Brian Nguyen and Wilson Navarro rented their Buena Park properties, in their entireties, to short-term renters.  (*Id*. ¶¶ 34, 39.)

In challenging Ordinances 1662 and 1675, Plaintiffs collectively assert seven claims, (Compl. ¶¶ 42-84), but have since voluntarily dismissed a claim asserted under California's Bane Act.  (Opp. at 23.)  Plaintiffs' remaining claims include four pursuant to 42 U.S.C. Section 1983 for: (1) violation of the Equal Protection Clause of the Fourteenth Amendment; (2) violation of the Due Process Clause of the Fourteenth Amendment; (3) violation of the Contracts Clause, Article I, Section 10, Clause 1 of the United States Constitution; and (4) the imposition of excessive fines in violation of the Eighth Amendment.  (*Id*. ¶¶ 42-48, 52-60, 70-84.)  They also assert claims for violation of (5) the equal protection guarantee contained in Article 1, Section 7 of the California Constitution and (6) the due process guarantee contained in the same Section.  (*Id*. ¶¶ 49-51, 61-63.)  The excessive fines claim is asserted only by Plaintiff Liem Nguyen, who

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                              Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

avers that since approximately October 24, 2018, for alleged violations of various provisions of the Buena Park Municipal Code, he was wrongfully issued "at least thirty-[f]ive discrete citations totaling over $21,750." (*Id*. ¶¶ 22-26.)

In their Complaint, as to all claims but that for excessive fines, Plaintiffs inconsistently refer to their constitutional challenges as brought both on a facial and as-applied basis. (*See, e.g.,* Compl. ¶¶ 44, 54, 62, 72.) Defendants note this ambiguity and contend that because there is no allegation that any Plaintiff filed for a permit under the zoning scheme or that the City took any actions pursuant to the Ordinances, those claims must constitute facial challenges. (Mot. at 10-11.) Not only is that argument logical, *see Microsoft Corp. v. United States Dep't of Justice*, 233 F. Supp. 3d 887, 911 (W.D. Wash. 2017) ("A plaintiff asserting an as-applied challenge must allege sufficient facts to demonstrate a statute's 'unconstitutionality as applied to [the plaintiff's] activities.'") (alteration in original), but Plaintiffs also fail to address it in their Opposition, thereby conceding its validity. *Resnick v. Hyundai Motor Am., Inc.*, No. CV 16-00593-BRO (PJWx), 2017 WL 1531192, at *22 (C.D. Cal. Apr. 13, 2017) ("Failure to oppose an argument raised in a motion to dismiss constitutes waiver of that argument.); *see also* C.D. Cal. L.R. 7-12. And the structure of Plaintiffs' Opposition brief further demonstrates the assertion of facial challenges. (*See, e.g.,* Opp. at 9-12 (submitting argument on the proper standard for analyzing facial challenges).) Accordingly, the Court treats those claims as bringing facial challenges. In the instant Motion, Defendants seek dismissal of each of Plaintiffs' claims.[3]

## II.    **JUIDICIAL NOTICE**

Defendants request that the Court take notice of (1) a resolution issued by the city's Planning Commission pertaining to emergency, transitional, and affordable

_____

[3] On June 29, 2020, the Court directed the parties to file supplemental briefing addressing whether the *Pullman* abstention doctrine requires the Court to refrain from deciding sensitive constitutional questions presented by this matter, and instead, allow California courts to first decide certain state law issues. (Order Re: Supp. Briefing, Doc. 23.) In light of the parties' supplemental briefs, (Pls.' Supp. Brief, Doc. 26; Defs.' Supp. Brief, Doc. 24), the Court concludes that *Pullman* abstention is not warranted.

_____

**CIVIL MINUTES – GENERAL**                                                        **3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                               Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

housing, and (2) Municipal Code Section 19.104.080, which sets forth definitions of certain relevant terms used throughout the Code.  (RJN, Doc. 14.)  The RJN is GRANTED as to Section 19.104.080.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court may take judicial notice of "matters of public record," which are not subject to reasonable dispute).  The RJN is DENIED as to the Planning Commission resolution because the Court does not find the contents of the resolution necessary to resolve this Motion.  *Neylon v. Cty. of Inyo*, No. 1:16- CV-0712 AWI JLT, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) (citing *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1410 n. 2 (9th Cir. 1990)) ("if an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied").

Additionally, while Plaintiffs attach a copy of Ordinance 1675 to their Complaint, the exact language of Ordinance 1662 has not been entered into the record.  Nevertheless, the Court "may take judicial notice of material which is included in, referenced in, or relied upon by the complaint."  *Better Homes Realty, Inc. v. Watmore, Case No.*: 3:16-cv-01607-BEN-MDD, 2017 WL 1400065, at *2 (C.D. Cal. April 18, 2017).  And the Court may take such judicial notice *sua sponte*.  *Callan v. New York Cmty. Banks*, 643 F. App'x 666, 667 (9th Cir. 2016) (citing F.R.E. 201(c), (d)).  As such, the Court takes judicial notice of Ordinance 1662.

## III.   <u>LEGAL STANDARD</u>

"Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'  Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Alfred v. Walt Disney Co.*, 388 F. Supp. 3d 1174, 1180 (C.D. Cal. 2019) (citation omitted) (quoting Fed R. Civ. P. 12(b)(6)).  In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Courts must also draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                    Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  A plaintiff must not merely allege conduct that is conceivable.  When "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citations omitted); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (district court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks and citations omitted).

## IV.    DISCUSSION

The Court first discusses zoning jurisprudence generally before explaining why Plaintiffs' due process and equal protection claims fail under rational basis review.  The Court then addresses Plaintiffs' Contracts Clause claim and Plaintiff Liem Nguyen's Eighth Amendment claim.

### A.  Zoning Laws

In *Village of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365 (1926), the Supreme Court addressed the constitutionality of an aspect of zoning legislation that had become

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                     Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

prevalent throughout the nation: creating and maintaining "residential districts, from which business and trade of every sort, including hotels and apartment houses, are excluded."  Before upholding such a zoning scheme as an acceptable exercise of a municipality's police power, the Supreme Court discussed the concerns associated with the creation of strictly residential neighborhoods.  It cited with approval state supreme court opinions explaining that residential zoning may serve to: protect the "health, morals, safety, and general welfare of the community;" "prevent, or at least [] reduce, the congestion, disorder, and dangers which often inhere in unregulated municipal development;" and create various beneficial economies of scale only possible where specific land uses are required to be grouped together.  *Euclid*, 272 U.S. at 391-95 (discussing *City of Aurora v. Burns*, 319 Ill. 84 (1925); *State ex rel. Civello v. City of New Orleans*, 154 La. 271 (1923)).  Of importance is a passage from *Civello,* quoted by the Supreme Court in *Euclid*:

> 'If the municipal council deemed any of the reasons which have been suggested, or any other substantial reason, a sufficient reason for adopting the ordinance in question, it is not the province of the courts to take issue with the council. We have nothing to do with the question of the wisdom or good policy of municipal ordinances. If they are not satisfying to a majority of the citizens, their recourse is to the ballot-not the courts.'

*Id*. at 393.  As such, the *Euclid* court clarified that "before [an] ordinance can be declared unconstitutional, [its] provisions [must be found] clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."  *Id*. at 395.

In short, this means that "[g]enerally, a municipal zoning ordinance will not be held unconstitutional if its wisdom is at least fairly debatable and it bears a rational relationship to a permissible state objective."  *J.W. v. City of Tacoma, Wash.*, 720 F.2d 1126, 1128 (9th Cir. 1983).  "Constitutional scrutiny of zoning regulations is heightened, however, when the regulations infringe a fundamental interest or discriminate against a suspect class."  *Id*. (internal quotations omitted) (collecting cases).  Regardless, a facial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                                Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

challenge brought against a legislative act, such as a zoning ordinance, is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987).  "The fact that [the Ordinance] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid."[4]  *Rosenblatt v. City of Santa Monica*, 940 F.3d 439, 444 (9th Cir. 2019), *cert. denied sub nom. Rosenblatt v. Santa Monica, CA*, No. 19-1081, 2020 WL 2515520 (U.S. May 18, 2020) (alteration in original) (citing *S.D. Myers, Inc. v. City & Cty. of San Francisco*, 253 F.3d 461, 467 (9th Cir. 2001))

## B.  Plaintiffs' Substantive Due Process[5] and Equal Protection Claims

As noted above, Plaintiffs bring claims for violations of their due process and equal protection rights as guaranteed in both the United States and California constitutions.  The same analysis governs those claims, whether brought under state or federal law.  *See Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1116 (E.D. Cal. 2012) (collecting cases) (explaining that "California's Due Process Clause is identical in scope with the federal due process clause" and "California Constitutional provisions granting

---

[4] Plaintiffs argue for the application of a more lenient standard in analyzing the constitutionality of the challenged ordinances – that utilized by the Supreme Court in *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 877 (1992) and *Washington v. Glucksberg*, 521 U.S. 702, 708 (1997) – which asks whether an undue burden has been placed on the exercise of a constitutionally protected liberty interest.  Plaintiffs' argument, however, contravenes established Ninth Circuit precedent.  *See S.D. Myers, Inc. v. City & Cty. of San Francisco*, 253 F.3d 461, 467 (9th Cir. 2001)   ("While we have held that *Casey* 'overruled *Salerno* in the context of facial challenges to abortion statutes,' we will not reject *Salerno* in other contexts until a majority of the Supreme Court clearly directs us to do so.") (internal citation omitted).
[5] Plaintiffs' Complaint does not identify any procedural due process claim.  (*See* Compl. ¶¶ 52-63.)  They do assert, in their Opposition, that they have a viable procedural claim on the ground that the Planning Commission's ability to render "final" decisions abrogates Plaintiffs' right to seek a writ of mandate – a right which is protected by California Code of Civil Procedure Section 1094.5.  (Opp. at 21.)  This argument is specious; even if the Planning Commission may issue decisions which are "final" under the zoning scheme, Plaintiffs point to no language in the Ordinances suggesting that the right to petition a court for redress has been abridged.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                                    Date:  August 18, 2020

Title:  Liem K. Nguyen et al v. City of Buena Park et al.

equal protection have been found substantially the equivalent of the equal protection clause of the Fourteenth Amendment to the federal Constitution") (internal quotations omitted).

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  But, "equal protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices. In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993); *see also Laurel Park Cmty., LLC v. City of Tumwater*, 790 F. Supp. 2d 1290, 1304 (W.D. Wash. 2011), *aff'd*, 698 F.3d 1180 (9th Cir. 2012) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) ("To succeed in their equal protection claim, Plaintiffs must prove they were 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'")

"The Due Process Clause of the Fourteenth Amendment provides: '[N]or shall any State deprive any person of life, liberty, or property, without due process of law.'" *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (alteration in original).  Because Plaintiffs do not allege differing treatment based on a suspect or quasi-suspect classification or infringement upon a fundamental right, under a substantive due process claim the Ordinances are subject to the same scrutiny as under the equal protection claim—they should be upheld if they "bear a rational relationship to a legitimate state interest." *Nelson v. City of Selma*, 881 F.2d 836, 839 (9th Cir. 1989) (citing *Burlington Northern Railroad Co. v. Department of Public Services*, 763 F.2d 1106, 1109 (9th Cir.1985)); *see also Vill. of Belle Terre v. Boraas*, 416 U.S. 1, 8 (1974).

Plaintiffs concede, as they must, that rational basis review is the applicable analysis in this matter.  (*See* Opp. at 12.)  They argue, however, that: (1) there is no rational basis for the Ordinances, and maintaining the residential character of certain

_____

**CIVIL MINUTES – GENERAL**                                                          **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                     Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

areas is not a legitimate governmental interest justifying the Ordinances' enactment (Opp. at 12-18), and (2) Ordinance 1675 is unconstitutionally vague (*id*. at 18-21).

### 1.  Rational Relationship to Legitimate State Interest

Plaintiffs assert that Buena Park's Ordinances are arbitrary and irrational and unreasonably burden short-term rentals in comparison to other permissible land uses.  (*Id.* at 12-18.)

By its own terms, Ordinance 1675 aims to:

> protect the public health, safety and welfare. The purpose of this ordinance is to provide a permit system and to impose operational requirements to minimize the potential adverse impacts of transient uses in residential neighborhoods and zoning districts on traffic, noise, and density to ensure the health, safety and welfare of renters and guests patronizing short-term rentals; and to impose reasonable limitations in order to ensure the long term availability of housing stock in compliance with the Housing Element of the City's General Plan.

(Ordinance 1675 at 1.)  It further seeks to "prevent[] permanent long-term housing from being converted into short-term rentals operated for commercial interest."  (*Id*.)  Contrary to Plaintiffs' assertions, (Opp. at 14-16), these are permissible state objectives.  *See Miller v. Bd. of Pub. Works of City of Los Angeles,* 195 Cal. 477, 489-90 (1925) (explaining that ensuring "strictly private residential districts from which are excluded and absolutely prohibited general business enterprises, apartments, tenements, and like structures" is a valid end pursued by via a municipality's police power); *Ewing v. City of Carmel-By-The-Sea*, 234 Cal. App. 3d 1579, 1596 (1991) (finding such goals legitimate in concluding that plaintiffs' equal protection and due process challenges to a similar zoning ordinance failed under rational basis review).  And it is, at the very least, "fairly debatable" that the Buena Park City Council's determination that regulating short-term rentals in the manner of the Ordinances will assist in the pursuit of those goals. Therefore, the Ordinances bear a rational relationship to the stated objectives.  *See Nelson*, 881 F.2d at 839 (finding denial of application to re-zone land as "high-density

---

**CIVIL MINUTES – GENERAL**                                              **9**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                          Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

_____

residential" rationally related to similar goal of protecting integrity of single-family
neighborhoods).

    Nevertheless, Plaintiffs contend that the Ordinances are invalid because "long-
term residents are equally likely as compared to short- or long-term residents [sic] to
contribute to traffic, noise, density, parties, threats, property damage, fires, and physical
violence." (Opp. at 13.)  Plaintiffs also submit that it is improper to zone short-term
rentals out of residential neighborhoods while allowing land uses with similar effects on
neighborhood character to remain, namely, "small group care homes" and
"transitional/supportive housing." (*Id*. at 16-18.)  That the Council could have, but did
not, enact additional zoning regulations does not undercut the rational basis of the
Ordinances.  The language of Ordinance 1675 and the failure to regulate long-term and
certain other types of housing in an identical manner simply reflects the Council's
judgment that short-term rentals uniquely impact the character of Buena Park
neighborhoods.  There are numerous arguments one could make as to whether short-term
rentals and small group care homes have the same deleterious effects on residential
neighborhoods.  But "[b]eing neither a super legislature nor a zoning board of appeal, a
federal court is without authority to weigh and reappraise the factors considered or
ignored by the legislative body in passing the challenged zoning regulation." *Constr.
Indus. Ass'n of Sonoma Cty. v. City of Petaluma*, 522 F.2d 897, 906 (9th Cir. 1975).  "The
reasonableness, not the wisdom, of the [Ordinances] is at issue in this suit." *Id*.  Here, the
Council's judgment as to short-term rentals is neither novel, nor surprising—and it is one
which has seen its reasonableness addressed before.  A California appellate court upheld
a similar ban on short-term rentals in Carmel-by-the-Sea, California, explaining that
short-term rentals "undoubtedly affect the essential character of a neighborhood and the
stability of a community." *Ewing*, 234 Cal. App. 3d at 1591.  In explaining that a short-
term rental ban was reasonable and permissible under *Euclid*, the *Ewing* court noted that
such tenants "have little interest in public agencies or in the welfare of the citizenry" and
do not engage in activities that strengthen ties among the local populous, such as
participating in local government and volunteering in the community.  *See id*. at 1588-
91.  Thus, because the provisions of the Carmel short-term rental ban were neither
arbitrary nor unreasonable, the court upheld them.  *Id*. at 1590-98; *see also Petaluma*, 522

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                          Date:  August 18, 2020

Title:  Liem K. Nguyen et al v. City of Buena Park et al.

F.2d at 902, 906-09 (explaining that an ordinance limiting that amount of annually issued building permits within a municipality was a reasonable effort to safeguard public welfare, specifically "small town character and surrounding open space"); *Ybarra v. Town of Los Altos Hills*, 503 F.2d 250, 254 (9th Cir. 1974) (holding that an ordinance requiring that each home in a municipality be constructed on at least one acre of land a reasonable means of preserving town's "rural environment").

### 2.  Vagueness

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined."  *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  Vague laws deprive ordinary citizens of a reasonable opportunity to understand what conduct is prohibited, render it difficult to prevent the enforcement of laws on a discriminatory and arbitrary basis, and cause individuals to "steer far wider" of the unlawful zone, thereby inhibiting the exercise of certain freedoms.  *Id*. at 108-09. However, where, as here, "a party [is] challenging the facial validity of an ordinance on vagueness grounds outside the domain of the First Amendment, [they] must demonstrate that 'the enactment is impermissibly vague in all of its applications.'"  *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 972 (9th Cir. 2003).

Plaintiffs take issue with Ordinance 1675's purported failure to clearly state (1) whether it applies only to short-term renting for remuneration; (2) if certain structures, such as guesthouses, are covered; (3) whether some types of short-term rentals may operate without a permit; (4) if the presence of a host is required during a rental; and (5) how it applies to other forms of non-permanent housing, like small group care homes. (Compl. ¶¶ 18, 54; Opp. at 18-20.)  These assertions are baseless; Plaintiffs fail to show any ambiguity in the statute, let alone meet the onerous standard of showing impermissible vagueness in all applications.  In their reply brief, Defendants effectively rebut each of Plaintiffs' assertions and explain why the supposed vagueness is illusory. (*See* Reply at 14-17.)  As such, the Court does not address each alleged ambiguity in depth.  But, as an example representative of each of their arguments on this point, Plaintiffs' third contention—that it is unclear if some short-term rentals are at all subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                              Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

to the permitting requirement—is meritless.  As Defendants point out, Ordinance 1675 unequivocally states that "transient occupancy uses are not permitted or conditionally permitted in residential or nonresidential zoning districts, unless" operating as an approved hotel or permitted short-term rental.  (Ordinance 1675 at 3.)  It further provides that "[n]o short-term rental may operate without a permit as required by this Section 19.348 of the Buena Park Municipal Code."  (*Id*. at 4.)  There is no room for debate as to the meaning of these perfectly clear terms.

In any case, "[c]ondemned to the use of words, we can never expect mathematical certainty from our language."  *Grayned*, 408 U.S. at 110.  The Ordinance must simply provide sufficient clarity to "allow people of common intelligence to understand its meaning."  *Ewing*, 234 Cal. App. 3d at 1595.  And it does—at both a global and more granular level, it is clear what the Buena Park City Council has prohibited.  *See id*. at 108-114 (finding requisite specificity where it "was clear what the ordinance as a whole prohibit[ed]").  Ordinance 1675 enacts an absolute ban on unpermitted short-term rentals.  (Ordinance 1675 at 3, 4.)  It then plainly sets forth the provisions which govern the permitting process and the conditions that must be met to operate a compliant short-term rental.  (*Id*. at 4-14.)  The Ordinance "clearly and precisely delineates its reach in words of common understanding."  *Cameron v. Johnson*, 390 U.S. 611, 616 (1968) (addressing picketing ordinance); *see also Ewing*, 234 Cal. App. 3d at 1595 (disposing of similar vagueness arguments).  Accordingly, Ordinance 1675 is not impermissibly vague in all of its applications.

In sum, Plaintiffs cannot allege that no set of circumstances exists under which the Ordinances would be valid.  They are similarly unable to allege that that the Ordinances lack a rational relationship to a legitimate state interest.  And the Court can determine as a matter of law that the enactments are not vague on their face.  For those reasons, their facial equal protection and substantive due process challenges fail, and their first through fourth causes of action are DISMISSED.

### C.  Contract Clause Claim

Plaintiffs allege that in implementing a ban on short-term rentals, the Ordinances

---

**CIVIL MINUTES – GENERAL**                                                    **12**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                          Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

have unconstitutionally impaired Plaintiffs' existing contracts with rental listing websites and short-term rental tenants.  (Compl. ¶¶ 70-76.)

The Contract Clause provides that "No State shall . . . pass any . . . Law impairing the Obligation of Contracts." U.S. Const., Art. I, § 10.  While worded in strong terms, the effect of the Contract Clause is not so absolute and "does not operate to obliterate the police power of the States."  *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241 (1978).  It is settled law "that the interdiction of statutes impairing the obligation of contracts does not prevent the State from exercising such powers as are vested in it for the promotion of the common weal, or are necessary for the general good of the public, though contracts previously entered into between individuals may thereby be affected." *Id.* (quoting *Manigault v. Springs*, 199 U.S. 473, 480 (1905)).  Even in light of the Contract Clause, the legislature has "wide discretion" in determining what enactments are necessary, and that is a "discretion which courts ordinarily will not interfere with." *Manigault*, 199 U.S. at 480-81.

In analyzing a Contract Clause claim, "[t]he threshold inquiry is 'whether the state law has, in fact, operated as a substantial impairment of a contractual relationship.'" *Energy Reserves Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411 (1983).  Conducting that inquiry requires the Court to examine "(1) whether a contract exists as to the specific terms allegedly at issue, (2) whether the law in question impairs an obligation under that contract and (3) whether the discerned impairment can fairly be characterized as substantial."  *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 736–37 (9th Cir. 2009).  However, the Court cannot engage in such an examination based on the thin and conclusory allegations of the Complaint.  Plaintiffs found this claim *entirely* upon the factual allegations (1) that the Ordinances constitute an exercise of the city's police power which "impairs Plaintiffs' existing contracts with AirBnb, other listing services, and short-term renters," and (2) that "this impairment is substantial, and . . . not reasonable and necessary to serve an important public purpose." (Compl. ¶ 72.)  Plaintiffs contend that under Federal Rule of Civil Procedure 8 this is all they need allege to state a claim.  (Opp. at 23-25.)  They are incorrect.

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise,

**CIVIL MINUTES – GENERAL**                                                             **13**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                         Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  But Rule 8 does not operate in a vacuum—critically, it interacts with Rule 12(b)(6).  Thus, taken together, Rules 8 and 12(b)(6) require that in a pleading, plaintiffs employ concise allegations to set forth "a claim that is plausible on its face," and not merely conduct "consistent with a defendant's liability."  Conclusory allegations that there exist some contracts which have been impaired fall on the wrong side of the line demarcating "possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678.  That Plaintiffs' allegations are insufficient to permit analysis of their Contract Clause claim is evident from just a cursory examination of other cases to have addressed such a claim at the pleading stage.  *See, e.g., Vanguard Med. Mgmt. Billing, Inc. v. Baker*, No. EDCV 17-965-GW(DTBx), 2018 WL 6137194, at *11-*15 (C.D. Cal. July 2, 2018) (conducting, in-depth, the above-described three-prong substantial impairment analysis at the pleading stage, accounting for the actual terms of the allegedly impaired contracts); *Schmid v. Sonoma Clean Power*, No. C 14-02949 JSW, 2014 WL 12689941, at *4–*5 (N.D. Cal. Nov. 14, 2014), *aff'd*, 673 F. App'x 785 (9th Cir. 2017).

Plaintiffs have fallen far short of plausibly alleging a claim under the Contract Clause, and the claim is DISMISSED.

### D.  Plaintiff Liem Nguyen's Eighth Amendment Claim

Plaintiff Liem Nguyen asserts that he has been subjected to excessive fines within the meaning of the Eighth Amendment due to the municipality's issuance of "at least thirty-five discrete citations totaling over $21,750" in connection with the short-term rental of his Buena Park property.  (Comp. ¶¶ 22, 77-84.)

"The Eighth Amendment provides: 'Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'"  *United States v. Bajakajian*, 524 U.S. 321, 327 (1998) (quoting U.S. Const., Amend. 8).  "The Excessive Fines Clause thus limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense."  *Id*. at 328 (internal quotations omitted).  If a

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                     Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

fine is deemed punitive in nature, and therefore within the ambit of Excessive Fines Clause, the Court must then proceed to the constitutional inquiry.  *See United States v. Mackby*, 261 F.3d 821, 829-31 (9th Cir. 2001) (analyzing whether fines under the False Claims Act are punitive in nature).  "In determining whether a civil sanction is punitive or remedial, 'the court considers factors such as the language of the statute creating the sanction, the sanction's purpose(s), the circumstances in which the sanction can be imposed, and the historical understanding of the sanction.'"  *Id*. at 830 (alteration in original).   "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish."  *Bajakajian*, 524 U.S. at 334 (citing *Austin v. United States*, 509 U.S. 602, 622-23 (1993)).  "[A] punitive forfeiture violates the Excessive Fines Clause if it is *grossly disproportional* to the gravity of a defendant's offense."  *Id*. (emphasis added).  Proportionality is informed by factors such as whether the fines are of an appropriate magnitude to have the desired deterrent effect.  *See Mackby*, 261 F.3d at 830.

As with Plaintiffs' Contract Clause claim, the skeletal nature of Complaint's allegations precludes the Court from properly conducting an inquiry into the potentially punitive nature of the fines imposed, or the gross disproportionality thereof, in connection with Liem Nguyen's Eighth Amendment claim.  The only factual support for the claim is the allegation that "[f]rom at least October 24, 2018 until the present, Buena Park has sought to force the Nguyens to cease renting any portion of the Via Balboa Property on a short-term basis by issuing the Nguyens at least thirty-give discrete citations totaling over $21,750. These citations and fines have not been revoked, canceled or forgiven." (Compl. ¶ 22.)  However, the Complaint does not state the wrongful conduct of which Nguyen was accused.  Further, while it lists a collection of Municipal Code sections that Buena Park allegedly relied upon in repeatedly citing the Nguyens, it reproduces only short portions of the sections, nowhere providing the Court with the entirety of the relevant language.  (*Id*. ¶¶ 23-26.)  Accordingly, it is impossible to determine whether Mr. Nguyen has sufficiently pleaded he was subject to punitive fines, and if so, whether those fines—which appear to average about $621 per citation—were grossly disproportionate to the charged offenses.  Accordingly, the Complaint fails to set forth a

_____

**CIVIL MINUTES – GENERAL**                                                      **15**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:20-cv-00348-JLS-ADS                          Date:  August 18, 2020
Title:  Liem K. Nguyen et al v. City of Buena Park et al.

prima facie Eighth Amendment claim.  *See Leon v. Hayward Bldg*. Dep't, No. 17-CV-02720-LB, 2017 WL 3232486, at *4 (N.D. Cal. July 31, 2017) (no prima facie claim pleaded where complaint contained only vague allegations of large fines and nothing suggesting that that fines were punitive or grossly disproportionate); *Singh v. City of Oakland, Cal.*, 295 F. App'x 118, 120 (9th Cir. 2008) (affirming dismissal of Eighth Amendment excessive fines claim where plaintiff failed to allege why any individual fine was excessive).

Therefore, Liem Nguyen's Eighth Amendment claim is DISMISSED.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion is GRANTED.  As to their due process and equal protections claims, because Plaintiffs' facial challenge fails as a matter of law and not due to a pleading deficiency, the Court declines to grant Plaintiffs leave to amend.  However, the Court grants Plaintiffs leave to amend their Contract Clause claim so as to plead sufficient information about the alleged existing and impaired contracts to allow the Court to analyze the claim.  Similarly, Plaintiff Liem Nguyen may amend his Eighth Amendment claim in order to allege more complete facts showing that he was subjected to punitive fines which were grossly disproportionate to the wrongful conduct charged.

If Plaintiffs elect to file an amended pleading, remedying the deficiencies identified herein in a manner consistent with all Rule 11 obligations, it shall be filed within **twenty-one (21) days of the date of this Order**.  Plaintiffs may not add claims or Defendants to their pleading.

Initials of Preparer: